IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.                                                                                                                                  Civ. No. 08-2085 JCH

**CRUZ LOPEZ-ACEVEDO,**
a.k.a. "Zacatecas,"

      **Defendant.**

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on the Notice of Intent [Doc. 539] filed by Defendant, who is charged in a 2008 superseding indictment [Doc. 62] with conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana. Efforts to arrest Defendant in 2008 did not bear fruit. [Doc. 105] Based on the assertions of both the Government and Defendant, it appears that Defendant fled to Mexico, where he was later charged with other crimes and spent some period of time in the custody of Mexican authorities. Eventually, in August of 2019—approximately eleven years after he was indicted—Defendant was extradited from Mexico, arrested by federal authorities, and detained pending trial on the charges before this Court. [Doc. 517] That same month, Defendant's first counsel entered an appearance on his behalf. However, in January of 2020, she moved to withdraw. The motion was granted, and current counsel entered his appearance for Defendant.

Despite being represented by counsel, Defendant filed the above Notice of Intent *pro se*. Although it as styled as a notice, upon review this document appears to be a motion asking for

three forms of relief: admission into the United States under the U visa program, consideration for an N600 application for United States citizenship, and deportation to Mexico. Defendant's pro se pleading is somewhat difficult to follow, but it appears that he asserts that he is entitled to such relief as a result of his mistreatment at the hands of Mexican authorities, the pendency of charges against him in Mexico, the passage of time since his indictment in this case, and the conduct of his first defense attorney in this case.

At this point in time, Defendant is represented by counsel, and yet pending before the Court are motions filed by both Defendant himself and by his attorney. This is inappropriate under the circumstances. There are three requirements that a defendant must meet before he has the right to represent himself. *Id*. "First, the defendant must 'clearly and unequivocally' assert his intention to represent himself." *Id*. (citing *United States v. Floyd*, 81 F.3d 1517, 1527 (10th Cir. 1996)). "Second, the defendant must make this assertion in a timely fashion." *Id*. (citing *United States v. McKinley*, 58 F.3d 1475, 1480 (10th Cir. 1995)). "Third, the defendant must 'knowingly and intelligently' relinquish the benefits of representation by counsel." *Id*. (citing *United States v. Boigegrain*, 155 F.3d 1181, 1189 (10th Cir. 1998)). In this case, Defendant has met none of these requirements for self-representation, and he has competent counsel to represent him and speak on his behalf. For now, therefore, it is improper for Defendant to file motions or other requests with the Court.

Accordingly, the Defendant's motion will be denied without prejudice to his right to reassert his arguments in a properly filed motion.

**IT IS THEREFORE ORDERED** that the Defendant's *Notice of Intent* [Doc. 539], which the Court recognizes as a motion, is **DENIED WITHOUT PREJUDICE**.

_____
**UNITED STATES DISTRICT JUDGE**