UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

United States of America,
        Plaintiff,

vs.

Cruz Lopez Acevedo,
        Defendant                      No. CR 1:08-cr-02085-JCH

**MOTION TO DISMISS**
**(SPEEDY TRIAL VIOLATION)**

    Comes now Cruz Lopez-Acevedo, through his undersigned attorney and moves this Honorable Court to dismiss the indictment herein for the violation of his right to a speedy trial under the sixth amendment to the Constitution of the United States.  As grounds the defendant states:

I  Background

1. The superseding indictment in this matter was filed on October 8, 2008, in which Mr. Lopez-Acevedo was charged with one count of conspiracy to distribute 1000 pounds or more of a detectable amount of marijuana (Doc. 62) and on October 10, 2008, a warrant was issued for his arrest.

2. Thereafter, there was no action discernible action of which the defense is aware as to Mr. Lopez-Acevedo until almost five years later, when, on April 25th, 2013, when the U.S, Embassy in Mexico City requested the provisional arrest of the defendant by the Attorney General of Mexico (see Doc. 543, §6).  It is unknown what if any facts triggered this action.

3. Mr. Lopez-Acevedo was arrested in February of 2014 by Mexican Authorities on local charges,

    not on the aforesaid provisional warrant, and held on those charges until early 2019 when they were disposed of.

4. On April 15, 2014, the formal petition for extradition was lodged with the Attorney General of Mexico and on July 24, 2015, the U.S. Embassy received confirmation that Mr. Lopez Acevedo would be extradited to this country (Doc. 62, ¶8,9)

5. After the Mexican case was disposed of, Mr. Lopez Acevedo was held for a further 5 months in Mexico before he was finally extradited to the U.S. On or about August 7th, 2019, and was arraigned on August 9, 2019.

6. Mr. Lopez Acevedo was in Mexico from May 2008 according to the government until the time of his extradition, approximately 12 years later. From the time of his return to Mexico until the issuance of the provisional arrest warrant, approximately six years had passed. Added to this are the approximately 5 months between the time the Mexican charges were disposed of and his arraignment.

II Argument and Authorities

    The Government knew that Mr. Lopez-Acevedo had left this country and had returned to Mexico almost as soon as that happened in May of 2008 (discovery page 159). Moreover, government agents allegedly intercepted phone calls they believed to have been either made by him from Mexico or to him from this country on various occasions in 2008. Nevertheless, five years passed before any action was taken to apprehend and extradite Mr. Lopez Acevedo.

Legal Analysis

    The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." Charges against a defendant who has been denied his constitutional right to a speedy trial must be dismissed. *Strunk v. United States*, 412

U.S. 434, 440 (1973). The Court must evaluate four factors to determine whether a delay constitutes an infringement on a defendant's right to a speedy trial: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his speedy trial right; and (4) the prejudice to the defendant. *United States v. Ingram*, 446 F.3d 1332, 1336 (11th Cir. 2006); *see also Barker v. Wingo*, 407 U.S. 514, 530 (1972). Further, if the first three factors all weigh heavily against the government, then the Court will presume the fourth factor, prejudice to the defendant, without a showing of actual prejudice. *Ingram*, 446 F.3d at 1336.  (quoted in United States v. Hatum (S.D. Fla. 2017).

Length of Delay

The period between the filing of the superseding indictment and the arrest of Mr. Lopez-Acevedo of approximately 7 years is presumptively prejudicial.   See U.S. v. Nixon, 919 F.3d 1265 (10th Cir. 2019) and *Doggett*, 505 U.S. 647, 652 (1992 .

The Reason for the Delay

The next prong of the *Barker s*tandard is the reason for the delay:   The prosecutor and the court have an affirmative constitutional obligation to try the defendant in a timely manner and the burden is on the prosecution to explain the cause of the pretrial delay. Ingram, 446 F.3d at 1337. Where the Government raises the need to locate and arrest the defendant as one of the reasons for a post-indictment delay, as is expected here, the Sixth Amendment requires that the government employ a "diligent, good-faith effort" to arrest the defendant and bring him to trial. United States v. Spaulding, 322 F. App'x 942, 946 (11th Cir. 2009.  It is expected that the government will raise the "need to locate" the defendant in order to extradite him. The sixth amendment requires that the government exercise reasonable diligence in pursuing a defendant between the time of his indictment and arrest.  If the government fails to do so then this factor also weighs against the government.  This standard presents a matter of degree of effort in deciding how much it weighs against the government.  *Absence* from the

country does not relieve the government of the obligation to exercise due diligence. See U.S. v. Machado 886 F3d. 1070, 1080 (11th Cir. 2018)[1].

The Defense has no information concerning the efforts made to locate Mr. Acevedo Lopez but the burden, as already stated, is on the government to show what those were. Suffice it to say; the defendant did not hide in Mexico and the government alleges that he continued on with the alleged conspiracy from thereafter he left this country for a time. Moreover, the investigating agency (the DEA) has staff in the United States Embassy in medico City charged with coordinating matters of mutual concern with Mexican law enforcement and the duties of the Legal Attache at the same embassy include working with "counterparts in the Mexican law enforcement community to locate, capture, and bring to justice criminals who have committed crimes in the United States." (https://mx.usembassy.gov/embassy)

Assertion of the Right

The third factor is the defendant's assertion of his speedy trial right. Mr. Lopez Acevedo was not arraigned on these charges until August 9, 2019. Regardless of how long he knew of this indictment prior to that date, he was in no position to assert it, having spent the last 5 years in Mexican prisons. This case is "complex" on October 24, 2008 (Doc. 113) because of the volume of discovery and counsel was appointed on January 28, 2020, after the attorney first appointed was given leave to withdraw. Given the complexity of the case, the time of filing of this motion should not weigh against Mr. Lopez Acevedo.

Prejudice

Because almost 12 years have passed since the filing of this case, at least 5 of which can be

---

[1] "While the defendant's absence from the country does not wholly relieve the government of its obligation, the government is not required to pursue "futile legal gestures" in the face of uncertain extradition."

attributed to the government, and which occurred form the time the case was filed and not later can be expected to have profoundly affected the defendant's ability to locate witnesses and other evidence of the legitimacy of the businesses which are alleged by the government to have served as the conduits or cover for Mr. Lopez- Acevedo's alleged crimes. However, because of the length of the delay, prejudice should be presumed.

                              Respectfully Submitted,

                                  s/*timothy W. Cornish*
                                Timothy W. Cornish
                                Attorney for Mr. Lopez Acevedo
                                3808 Arlote Ave SE
                                Albuquerque, N. Mex. 87108
                                (505) 200 1885
                                e.mail: twc50@hotmail.com

I hereby certify that a true
copy of the foregoing was
provided to all parties entitled
to notice via the cm/ecf automated
filing system this 15th day of June, 2020
s/*Timothy w. Cornish*